**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 12-4069**

—————

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

        v.

STEPHON LEKEITH HOPKINS,

                  Defendant - Appellant.

—————

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior
District Judge.  (7:11-cr-00342-GRA-1)

—————

Submitted:  July 26, 2012          Decided:  August 1, 2012

—————

Before MOTZ, DAVIS, and FLOYD, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Ray Coit Yarborough, Jr., Florence, South Carolina, for
Appellant. Elizabeth Jean Howard, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephon LeKeith Hopkins appeals after pleading guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2006), and receiving a seventy-month term of imprisonment. Counsel has filed an Anders v. California, 386 U.S. 738 (1967) brief, stating that there are no meritorious issues for appeal, but raising the issues of whether the federal prosecution constitutes double jeopardy and whether the criminal history score was correctly calculated. The Government declined to file a brief and Hopkins did not file a pro se supplemental brief. Finding no error, we affirm.

Hopkins was prosecuted in state court for possession of the same firearm and therefore he argues that the federal prosecution is in violation of the Double Jeopardy Clause. While a defendant who enters a guilty plea generally waives the right to raise a constitutional challenge to his conviction, United States v. Wiggins, 905 F.2d 51, 52 (4th Cir. 1990), an exception to this rule exists for double jeopardy claims, Menna v. New York, 423 U.S. 61, 62 (1975), at least where a double jeopardy violation is apparent from the face of the indictment. United States v. Broce, 488 U.S. 563, 575-76 (1989). However, the Supreme Court has held that the Double Jeopardy Clause is not violated by a dual prosecution.

2

Abbate v. United States, 359 U.S. 187, 193-94 (1959).  This court has further held that a dual prosecution involving 18 U.S.C. § 922(g)(1) does not violate the Double Jeopardy Clause. See United States v. Nathan, 202 F.3d 230, 233 (4th Cir. 2000).

Next, Hopkins claims that the court erred in calculating his criminal history points when it counted as two separate convictions two offenses that the state consolidated for sentencing.  Because the two offenses were separated by an intervening arrest, this claim clearly fails.  See U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2010).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.  We therefore affirm Hopkins' conviction and sentence. This court requires that counsel inform Hopkins, in writing, of the right to petition the Supreme Court of the United States for further review.  If Hopkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Hopkins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED